**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Jointly Administered Under** |
| **Cherokee Pharmacy & Medical Supply, Inc., et. al.** | ) | **1:17-bk-11920 NWW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**STIPULATED FACTS FOR NOVEMBER 1, 2017 HEARING
ON MOTION TO DISMISS**

J M Smith Drug Corporation d/b/a Smith Drug Company ("**Smith Drug Company**" and collectively with the Debtors, the "**Parties**") and debtors Cherokee Pharmacy & Medical Supply, Inc. ("**Cherokee Cleveland**"), Cherokee Pharmacy & Medical Supply of Dalton, Inc. ("**Cherokee Dalton**" and collectively with Cherokee Cleveland the "**Cherokee Debtors**"), and David Terry Forshee ("**Mr. Forshee**" and collectively with the Cherokee Debtors the "**Debtors**") agree to the following facts:

1.      On August 22, 2013, Smith Drug Company filed suit against the Debtors in the United States District Court for the District of South Carolina (the "**SC District Court**").  This case was tried before a jury from July 11 to July 15, 2016.  The jury found in favor of Smith Drug Company on all counts.

2.      Pursuant to this judgment, damages, including attorneys' fees and costs, were assessed in the following amounts against the Debtors and related entities: Cherokee Cleveland and Mr. Forshee - $483,950.28[1]; Forshee-Carder Pharmacies - $96,561.04; Cherokee Health Care Supply and Mr. Forshee - $8,351.06; and Cherokee Dalton - $150,784.90.

---

[1] Cherokee Cleveland and Mr. Forshee are jointly and severally liable for attorney's fees in the amount of $234,655.08, which amount is included in the total.

3.      The Debtors appealed this judgment, but were unsuccessful in their attempts to seek a stay of execution pending appeal through posting alternative security with the SC District Court.[2]

4.      The Debtors were unable to post a *supersedeas* bond to stay Smith Drug Company from executing on its judgment.

5.      On January 15, 2017, Mr. Forshee executed a stock purchase agreement with Jonathan and Pamala Marquess to sell the Cherokee Debtors to the Marquesses (the "**Stock Purchase Agreement**").[3]

6.      Pursuant to the Stock Purchase Agreement, the Marquesses were to pay Mr. Forshee $1,600,000 for the Cherokee Debtors' stock.  Further, the Marquesses and Mr. Forshee agreed that the Marquesses would purchase all the Cherokee Debtors' inventory for $600,000.

7.      The stock sale contemplated under the Stock Purchase Agreement has not been consummated.  However, the Marquesses did purchase the Cherokee Debtors' inventory on January 15, 2017 for $600,000.

8.      Also on January 15, 2017, Mr. Forshee executed  powers of attorney in connection with the execution of the Stock Purchase Agreement regarding both Cherokee Debtors.[4]

9.      On February 6, 2017, the Drug Enforcement Agency (the "**DEA**") sent a letter to Mr. Forshee informing him that it had found record keeping violations regarding the Cherokee

---

[2] A copy of the SC District Court Order denying the Debtors' request to post alternative security is attached hereto as **Exhibit 1** and the Parties stipulate and agree to its admissibility.

[3] A copy of the Stock Purchase Agreement is attached hereto as **Exhibit 2** and the Parties stipulate and agree to its admissibility.

[4] Unexecuted copies of the powers of attorney are attached hereto as **Exhibit 3** and the Parties stipulate and agree to their admissibility.

Debtors' distribution of controlled substances and that the Cherokee Debtors could be subject to civil penalties in excess of $9.5 million dollars.[5]

10.     In early February of 2017, Smith Drug Company became aware of the potential sale of the Cherokee Debtors to the Marquesses.[6]  Mr. Forshee had previously informed Smith Drug Company that he believed the only way he would be able to pay Smith Drug Company for its judgment was to sell the Cherokee Pharmacies.

11.     After learning of the potential sale pursuant to the Stock Purchase Agreement, Smith Drug Company sought leave from the SC District Court to register its judgment in Tennessee to begin collection of its judgment.[7]

12.     Smith Drug Company registered its judgment in the United States District Court for the Eastern District of Tennessee (the "**Eastern District of Tennessee**") on February 16, 2017.[8]

13.     Smith Drug Company sought and obtained a Temporary Restraining Order in the Hamilton County Chancery Court on February 27, 2017 to restrain Mr. Forshee from disbursing or otherwise distributing the proceeds from the stock sale.

---

[5] A copy of the letter from the DEA is attached hereto as **Exhibit 4** and the Parties stipulate and agree to its admissibility.

[6] A copy of Smith Drug Company's Motion for Rule to Show Cause and Request for an Emergency Hearing filed in the SC District Court detailing Smith Drug Company's first learning of the stock sale is attached hereto as **Exhibit 5** and the Parties stipulate and agree to its admissibility.

[7] A copy of the SC District Court order granting Smith Drug Company the ability to register its judgment in Tennessee is attached hereto as **Exhibit 6** and the Parties stipulate and agree to its admissibility.

[8] A copy of the Smith Drug Company's Registration of Foreign Judgment in the Eastern District of Tennessee is attached hereto as **Exhibit 7** and the Parties stipulate and agree to its admissibility.

14.     On March 20, 2017, the Debtors sought an order from the Eastern District of Tennessee staying Smith Drug Company's ability to collect its judgment.[9]  The Eastern District of Tennessee denied this motion on April 5, 2017.[10]

15.     On April 4, 2017 Smith Drug Company initiated efforts to collect on its judgment by submitting applications for a writs of garnishment of certain of the Debtors' bank accounts.[11]

16.     On or about April 19, 2017, Smith Drug Company's writs of garnishment were served upon the Debtors' bank.[12]

17.     On April 27, 2017, Smith Drug Company issued a second round of bank garnishments to continue collection on its judgment.[13]

18.     On April 28, 2017, the Debtors filed petitions under chapter 11 of title 11 of the United States Code.

19.     The corporate Debtors' primary reason for filing bankruptcy was to stop Smith Drug Company's garnishments so that the stock sale to the Marquesses could be consummated and the pharmacies could continue to operate.

20.     Mr. Forshee's primary reason for filing his personal bankruptcy was to stop Smith Drug Company's garnishments.

---

[9] A copy of the Debtors' Memorandum of Law in Support of Motion for Stay of Execution in the Eastern District of Tennessee is attached hereto as **Exhibit 8** and the Parties stipulate and agree to its admissibility.

[10] A copy of the order of the Eastern District of Tennessee denying the Debtors' motion for stay is attached hereto as **Exhibit 9** and the Parties stipulate and agree to its admissibility.

[11] Copies of the applications to the Eastern District of Tennessee for garnishment of the Debtors' bank accounts are attached hereto as **Exhibit 10** and the Parties stipulate and agree to their admissibility.

[12] Copies of the acknowledgments of service for garnishment of the Debtors' bank accounts are attached hereto as **Exhibit 11** and the Parties stipulate and agree to their admissibility.

[13] Copies of the executions for the second round of garnishments of the Debtors' bank accounts are attached hereto as **Exhibit 12** and the Parties stipulate and agree to their admissibility.

21.     On August 28, 2017, Smith Drug Company filed proofs of claim in the following

amounts in each of the Debtors' cases:

     i.  Cherokee Cleveland Claim No. 15-2:    $485,435.28

    ii.  Cherokee Dalton Claim No. 5-2:    $151,247.58

   iii.  Mr. Forshee Claim No. 13-2:    $590,666.24.[14]

22.     The Debtors do not dispute the validity of Smith Drug Company's claims.

23.     Smith Drug Company is the largest undisputed creditor of the Cherokee Debtors

and Mr. Forshee views Smith Drug Company as the Debtors' only real creditor.

24.     The Cherokee Debtors may have diminished in value since the Debtors filed these

bankruptcy cases.

25.     The Debtors' only current plan for resolving these bankruptcy cases is to effectuate

the pre-petition stock sale to the Marquesses.

26.     The Cherokee pharmacies are the primary assets of the Debtors.

Dated October 26, 2017.              Respectfully submitted,

**NELSON, MULLINS, RILEY &
SCARBOROUGH LLP**

/s/ Shane G. Ramsey
Shane G. Ramsey (BPR 35528)
James A. Haltom (BPR 28495)
Nelson, Mullins, Riley & Scarbrough LLP
150 Fourth Avenue North, Suite 1100
Nashville, Tennessee 37219
Phone: 615.664.5355
Fax: 615.664.5399
shane.ramsey@nelsonmullins.com
james.haltom@nelsonmullins.com
*Counsel for Smith Drug Company*

---

[14] Copies of Smith Drug Company's proofs of claim are attached hereto as **Exhibit 13** and the Parties stipulate and agree to their admissibility.

/s/ David J. Fulton (with permission   )
**David J. Fulton**
620 Lindsay St. Ste 240
Chattanooga, TN 37403
423-648-1880
423-648-1881 (fax)
Email: djf@sfglegal.com
*Attorney for Debtors and*
*Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or by email; or electronically through ECF; or by facsimile; or by hand delivering same to each attorney of record as follows:

All counsel and parties of record via ECF

By Mail to:

**U.S. Trustee**
David Holesinger
Trial Attorney, United States Trustee
31 E. 11th Street, 4th Floor
Chattanooga, TN 37402
423-756-5156
423-752-5161 (facsimile)
David.Holesinger@usdoj.gov